### ELLSWORTH v HALE et

Ohio Appeals, 9th Dist, Summit Co

Decided Dec. 27, 1939.

Harold D. Parker, Akron, and R. B. Meade, Akron, for appellee.

Musser, Kimber & Huffman, Akron, and Burroughs & Burroughs, Akron, for appellants.

## OPINION

By WASHBURN, PJ.

This cause is before the court upon an appeal on questions of law.

The facts are not in dispute. Eliziver L. Hale, the husband of Caroline C. Hale, died June 8, 1937, she surviving him; four children of Mr. Hale by a former wife also survived him. Mr. Hale died testate, and his widow elected not to take under his will but to take under the law, and she then died intestate before receiving her share under the law of the estate of Mr. Hale.

The claim made in this case is that one-third interest in certain real property which Mrs. Hale became entitled to receive under the law from the estate of her husband was property that she received by "descent", and that, she having died intestate and without issue, said property, under §10503-5 GC, passed to and vested in the children of the husband from whom such property came.

In opposition to that contention, it is claimed that Mrs. Hale did not receive said property by "descent" from her husband, and that therefore §10,-503-5 GC, is not controlling, and that said property passed from her to her heirs.

The trial court agreed with the latter contention and entered judgment accordingly.

It is settled in this state that, where property passes from the husband to the wife under the provisions of §10503-4 GC, where the husband dies intestate, it passes to her by "descent", and, under the conditions set forth in §10503-5 GC, said property descends as therein provided.

The Supreme Court has also determined that, where the husband dies testate, and property passes from him to his widow by virtue of her election under §10504-55 GC, not to take under the will but to take "under the statute of descent and distribution," such property does not pass to the wife by "descent", and therefore, upon her decease intestate, passes from her as her property under §10503-4, GC. **Miller v Miller, Admr., 129 Oh St 230, 194 N. E. 450.**

That decision is in no wise changed by the case of **Holt v Miller, 133 Oh St 418, 14 N. E. (2d), 409,** or by any other decision of the Supreme Court that we know of, and is binding upon this court.

The widow in this case did not receive said property by "descent", and therefore the descent of this property from the widow is not governed by the provisions of §10503-5 GC.

Judgment affirmed.

DOYLE & STEVENS, JJ., concur.